Submitted on the record October 10, ballot title referred to Attorney General for modification November 8, 2001
Ballot title certified November 26, 2001 (333 Or 9, 34 P3d 666)

Bill SIZEMORE,
*Petitioner,*

*v.*

Hardy MYERS,
Attorney General,
*Respondent.*

(SC S48864)

Steven NOVICK
and Timothy J. Nesbitt,
*Petitioners,*

*v.*

Hardy MYERS,
Attorney General,
*Respondent.*

(SC S48873)
(Consolidated for Opinion)

34 P3d 666

Gregory W. Byrne, Portland, filed the petition for petitioner Sizemore.

Steven Novick, Portland, filed the petition *in propria persona* for himself and for petitioner Nesbitt.

Janet A. Metcalf, Assistant Attorney General, filed the answering memorandum for respondent. With her on the memorandum were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

BALMER, J.

## BALMER, J.

These ballot title review proceedings, which have been consolidated for opinion, are brought under ORS 250.085(2) and concern the Attorney General's certified ballot title for Initiative Petition 96 (2002). For the reasons that follow, we conclude the Attorney General's certified ballot title does not comply substantially with ORS 250.035(2)(a) to (d), and we therefore refer the matter to the Attorney General for modification.

The proposed measure deals with the gathering of signatures on initiative and referendum petitions, and would allow one who signs such a petition to refuse permission to sell his or her signature. The proposed measure is identical to Initiative Petition 95, *see Sizemore v. Myers*, 332 Or 652, 34 P3d 665 (2001) (certifying ballot title for that petition), except that Initiative Petition 95 would amend the Oregon Constitution, whereas Initiative Petition 96 would enact a statute.

The Attorney General certified the following ballot title for Initiative Petition 96:

"*AMENDS CONSTITUTION*:   ALLOWS INITIATIVE, REFERENDUM SIGNERS TO PREVENT SALE OF THEIR PETITION SIGNATURES; CREATES IMPLEMENTING, ENFORCEMENT PROVISIONS

"RESULT OF 'YES' VOTE:   'Yes' vote allows signers to prevent sale, barter, exchange of their signatures on initiative, referendum petitions; creates implementing, enforcement provisions; requires minimum fine for violation.

"RESULT OF 'NO' VOTE:   'No' vote rejects creation of *constitutional* right allowing signers to prevent the sale, barter or exchange of their signatures on initiative or referendum petitions.

"SUMMARY:   *Amends Constitution.* Allows signers to prevent their signatures on initiative, referendum petitions from being sold, bartered or exchanged for anything of value. Secretary of State shall not approve any petition for circulation unless petition clearly indicates signer's right not to have signature sold, bartered, exchanged, and gives signers opportunity to make that choice. If signer refuses permission, no person or entity may directly or indirectly

pay for obtaining that signature or transmitting it to Secretary. Requires minimum $250 fine per occurrence; each unlawful sale of signature is separate occurrence. Does not prohibit payment for signature gathering by hour or on salary where amount of payment is not determined directly or indirectly by number of signers who have chosen not to have signatures sold, bartered, exchanged."

(Emphasis added.)

Petitioners Sizemore and Novick both argue that the certified ballot title does not comply with ORS 250.035(2)(a) to (d) because it describes the proposed measure as amending the Oregon Constitution and creating constitutional rights when, in fact, the proposed measure would create a statute. The Attorney General concedes that the ballot title is erroneous and joins in petitioners' requests that the court refer the ballot title to the Attorney General for modification.

Petitioner Sizemore also challenges the "no" vote result statement on another ground. We have considered his argument and conclude that it is not well taken.

Having concluded that the certified ballot title does not comply substantially with statutory requirements, we refer it to the Attorney General for modification. *See* ORS 250.085(8) (providing for referral); *Flanagan v. Myers*, 332 Or 318, 30 P3d 408 (2001) (determining that challenged ballot titles did not comply substantially with statutory requirements and referring those ballot titles to Attorney General for modification).

Ballot title referred to Attorney General for modification.