Submitted on the record October 10, ballot title certified November 8, 2001

Bill SIZEMORE,
*Petitioner,*

*v.*

Hardy MYERS,
Attorney General,
*Respondent.*

(SC S48863)

34 P3d 665

Gregory W. Byrne, Portland, filed the petition for petitioner.

Janet A. Metcalf, Assistant Attorney General, filed the answering memorandum for respondent. With her on the memorandum were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

PER CURIAM

## PER CURIAM

In this ballot title review proceeding, petitioner challenges the "no" vote result statement of the Attorney General's certified ballot title for a proposed initiative measure, which the Secretary of State has denominated as Initiative Petition 95 (2002). We review the Attorney General's certified ballot title to determine whether it complies substantially with the requirements of ORS 250.035(2)(a) to (d). *See* ORS 250.085(5) (setting out standard of review).

We have considered petitioner's argument and conclude that it is not well taken. Accordingly, we certify to the Secretary of State the following ballot title for the proposed measure:

AMENDS CONSTITUTION: ALLOWS INITIATIVE, REFERENDUM SIGNERS TO PREVENT SALE OF THEIR PETITION SIGNATURES; CREATES IMPLEMENTING, ENFORCEMENT PROVISIONS.

RESULT OF "YES" VOTE: "Yes" vote allows signers to prevent sale, barter, exchange of their signatures on initiative, referendum petitions; creates implementing, enforcement provisions; requires minimum fine for violation.

RESULT OF "NO" VOTE: "No" vote rejects creation of constitutional right allowing signers to prevent the sale, barter or exchange of their signatures on initiative or referendum petitions.

SUMMARY: Amends Constitution. Allows signers to prevent their signatures on initiative, referendum petitions from being sold, bartered or exchanged for anything of value. Secretary of State shall not approve any petition for circulation unless petition clearly indicates signer's right not to have signature sold, bartered, exchanged, and gives signers opportunity to make that choice. If signer refuses permission, no person or entity may directly or indirectly pay for obtaining that signature or transmitting it to Secretary. Requires minimum $250 fine per occurrence; each unlawful sale of signature is separate occurrence. Does not prohibit payment for signature gathering by hour or on salary where amount of payment is not determined directly or

indirectly by number of signers who have chosen not to have signatures sold, bartered, exchanged.

Ballot title certified. This decision shall become effective in accordance with ORAP 11.30(11).